UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS BRIDGEN,** | : | |
| | : | |
| Plaintiff | : | 3:19-CV-1105 |
| | : | (JUDGE MARIANI) |
| v. | : | |
| | : | |
| **CONNIE AST a/k/a CONNIE KEENER,** | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Presently before the Court is the motion for summary judgment filed by Defendant Connie Ast a/k/a Connie Keener ("defendant"). (Doc. 14). The defendant seeks summary judgment in her favor and against Plaintiff Thomas Brigden ("plaintiff") on the complaint alleging injuries caused by defendant's dog. For the reasons discussed below, the Court will deny the motion.

### II. STATEMENT OF MATERIAL FACTS

On July 6, 2017, plaintiff and a companion were camping at Promised Land State Park. (Doc. 17-1, Pl. Dep. at 10).[1] At approximately 10 o'clock in the morning, plaintiff walked his leashed dog, a shih tzu named Oscar, on the main road within the State Park, to a water spigot and stone where the dog was in the habit of relieving himself. (*Id.*, at 33, 43,

---

[1] For clarity, the page numbers to which THE Court refers are those provided at the upper right hand corner of the CM/ECF documents.

1

47). Plaintiff stood stationary at the stone with his dog when he noticed defendant and her sister approaching on foot from the opposite direction fifty to seventy-five feet away. (*Id.*, at 49). Defendant also had a dog, Ruger, which weighed approximately sixty-five pounds. (Doc. 17-3, Def. Dep. at 10). The dog was also leashed, but the defendant either released or lost control of the leash due to the dog's pulling. Once free, the defendant's dog rushed toward plaintiff and his dog. As defendant's dog approached, plaintiff pulled his dog away and into the air by his leash and swung him around his body. (Doc. 17-1, Pl. Dep. at 53-54). The defendant's dog proceeded around plaintiff's back, evidently chasing after plaintiff's dog. (*Id.* at 54). Plaintiff grabbed defendant's dog by its harness, resulting in the defendant's dog pulling him off his feet and causing plaintiff to fall. (*Id.* at 56).

Plaintiff claims he suffered the following injuries due to the fall: 1) torn rotator cuff and other injuries to his right shoulder which necessitated surgery; 2) aggravation to discs in his neck; 3) aggravation to discs in his lumbar back; 4) pain and radiculopathy from his low back into his buttocks and leg; 5) torn ligaments in his knee, which may require knee replacement; 6) phobia of large dogs requiring psychological treatment; 7) soft tissue injury to his neck, back, shoulder, knee and foot; and 8) dislocated finger on his right hand and sprain of his right hand, right wrist and right elbow. (Doc. 1, Compl. ¶ 12). Plaintiff's complaint asserts a negligence cause of action against the defendant wherein he seeks damages for these injuries.

## III. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1)(A)-(B).

In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving

3

party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied 501 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## IV. ANALYSIS

Plaintiff alleges a negligence cause of action and asserts this court's diversity jurisdiction under 28 U.S.C. § 1332. As a federal court sitting in diversity in Pennsylvania, the substantive law of Pennsylvania applies to this case. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tomkins*, 304 U.S. 64, 78 (1938)).

The elements for a negligence cause of action under Pennsylvania law are: 1) the existence of a duty to conform to a certain standard of conduct; 2) a breach of that duty; 3)

4

the breach of the duty caused an injury; and 4) actual loss or damage. *Krentz v. Consolidated Rail Corp.*, 910 A.2d 20, 27 (Pa. 2006).

Specifically, with regard to injuries caused by animals, Pennsylvania law provides:

> Typically, in negligence actions arising from the conduct of animals, the animal's owner is the person responsible for injuries to others caused by his or her pet. Pennsylvania, however, does not impose absolute liability upon dog owners for injuries occasioned by their dogs. *McCloud v. McLaughlin*, 837 A.2d 541 (Pa. Super. 2003). Proof of the owner's negligence is required. *Id.*

*Rosenberry v. Evans*, 48 A.3d 1255, 1258 (Pa. Super. Ct. 2012).

In the instant case, the defendant challenges whether the plaintiff can establish the causation element of negligence. Defendant argues that plaintiff fails to establish factual cause, that is, plaintiff fails to factually relate his fall and injuries to the conduct of her dog. Defendant's argument lacks merit. The record reveals that three eyewitnesses observed the fall, the plaintiff, the defendant and the defendant's sister. From their testimony a factfinder could reasonably find factual cause.

The plaintiff described the incident as follows: He noticed Defendant's dog coming across the road at him, pulling his owner who was saying, "No no no no no no no." (Doc. 17-1, Pl. Dep. at 52). "[The dog] was rushing across the road towards my dog." (*Id.*, at 97). "I believe she released the leash prior to the dog getting to me." (*Id.*, at 99).

> As her dog came across the road at Oscar, I pulled him away from that dog, swung him around me as that dog chased around the back of me, grabbed his lead with my right hand, pulled him back around. The dog continued to chase after him. I swung him around with my left arm, and that's when I was able to grab her dog with my right arm.

5

(*Id.*, at 34-35).

The defendant's dog's leash wrapped around plaintiff's legs as the dog completely circumnavigated him. (*Id.*, at 55-56). Defendant's dog had a harness affixed around his shoulders. (*Id.*, at 56). Plaintiff indicates that he "grabbed at [defendant's] dog's harness and was able to snatch it, and [defendant's] dog pulled me off my feet." (*Id.*) Plaintiff's testimony is quite clear on the fact that defendant's dog caused the fall. Plaintiff can establish causation, that is that the plaintiff's dog caused the accident, if this testimony is believed by the factfinder. Therefore, a genuine issue of material fact exists.

Defendant confirms plaintiff's version of the story to a certain extent. At her deposition, defendant testified that: "It happened so fast. [Ruger] ran past Mr. Bridgen. Mr. Brigden reached down and grabbed the harness and he lost his balance and fell." (Doc. 17-3, Def.'s Dep. at 19).

Defendant's sister, Jane Storm, testified that she did not know the cause of the fall, while providing deposition testimony that generally agreed with the facts testified to by plaintiff and defendant. She stated: "[Ruger] pulled away from her when – when our paths were crossing in opposite directions and we stopped to greet one another." (Doc. 17-2, Storm Dep. at 11). "I don't know specifically what caused [plaintiff] to fall. There was a lot - - a lot of stuff going on." (*Id.*, at 20). "Mr. Bridgen grabbed for Ruger's harness and he fell down." (*Id.*, at 22). "What I recall is when he fell down, he released the harness." (*Id.*) Defendant then got Ruger and picked up his leash. (*Id.*)

In support of her position, defendant cites to several cases where negligence was not found because the cause of the incident at issue was not known. *See, e.g., Fagan v. Dep't of Transportation*, 946 A.2d 1123, 1124 (Pa. Commw. Ct. 2008) (no causation established in automobile accident case where the driver of the automobile did not know what caused him to leave the road); *Butts v. Weisz*, 410 F. App'x 470 (3d Cir. 2010) (summary judgment granted to the defendant where plaintiff's decedent died from falling down basement stairs at a friend's house, but no one saw the fall and thus the cause was not known). The cases upon which the defendant relies are not applicable here because, as set forth above, evidence exists as to the manner in which the incident happened. Here, the eyewitnesses, especially the plaintiff himself, can provide testimony to establish that it was in fact the defendant's dog charging at him and him trying to control the dog by grabbing its harness which caused the fall. Accordingly, the defendant's motion for summary judgment will be denied.

## V. CONCLUSION

For the reasons set forth above, the Court finds that genuine disputes of material fact preclude the entry of summary judgment. Defendant's motion (Doc. 14) will thus be denied. A separate order follows.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge