**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS BRIDGEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **3:19-CV-1105** |
| | : | **(JUDGE MARIANI)** |
| **CONNIE AST a/k/a** | : | |
| **CONNIE KENNER,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

On June 27, 2019, Plaintiff Thomas Bridgen initiated the above-captioned action

against Defendant Connie Ast alleging common law negligence for injuries allegedly caused

by Defendant's dog.  (Doc. 1).

Presently before the Court are the following *in limine* motions filed by Defendant:

1. "Motion in Limine to Preclude Plaintiff's Claim for Emotional Distress and Other Non-

   Provable Damages" (Doc. 34); and

2. "Defendant Connie Ast's Omnibus Motion [in] Limine" (Doc. 36).

The Court will address each motion in turn.

### II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial

on the admissibility and relevance of certain forecasted evidence."  *United States v.*

*Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017).  A court may exercise its discretion to

rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013); *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules.").  Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the

putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

**1. Defendant's Motion in Limine to Preclude Plaintiff's Claim for Emotional Distress and Other Non-Provable Damages (Doc. 34)**

Defendant first moves for the exclusion at trial "all evidence regarding Plaintiff's claim for emotional distress and other non-provable damages." (Doc. 34 at 1). Defendant argues that such evidence should be excluded because "Plaintiff can never meet his burden of showing that he suffered 'physically' from his emotional distress" and because Plaintiff has not submitted "competent expert testimony" relating to some of his alleged injuries. (Doc. 35 at 2). In response, Plaintiff argues that he will testify as to his alleged physical and emotional injuries and asks the Court to deny Defendant's motion. (Doc. 38 at 3).

"To recover emotional damages a plaintiff must show 'a reasonable probability rather than a mere possibility that damages due to emotional distress were in fact incurred as a result of an unlawful act.'" *Gagliardo v. Connaught Laboratories, Inc.*, 311 F.3d 565, 573 (3d Cir. 2002) (quoting *Spence v. Bd. of Ed.*, 806 F.2d 1198, 1201 (3d Cir. 1986)) (internal brackets omitted). Speculative damages cannot be awarded. *Bolden v. Se. Penn. Transp. Auth.*, 21 F.3d 29, 33 (3d Cir. 1994). Rather, a plaintiff must present evidence of "actual

3

injury . . . before recovering compensatory damages for mental distress."  *Gunby v. Penn. Elec. Co.*, 840 F.2d 1108, 1121 (3d Cir. 1988) (finding that, in §1981/Title VII action, evidence supporting award for emotional distress was insufficient where the only evidence was plaintiff's testimony that he was "very upset," that he felt he "had been done wrong" and thought he "had been treated unfairly" in being passed over for a promotion).

The issue of whether Plaintiff is entitled to emotional distress damages or damages from his other alleged physical injuries must await the presentation of testimony and evidence and the completion of his case-in-chief.  In his Opposition to Defendant's Motion (Doc. 38), Plaintiff indicated that he will testify regarding "what would be considered pain and suffering as opposed to a diagnosis of depression." (Doc. 39 at 3).  Beyond this, however, the Court is unaware of who Plaintiff may call in support of his claims, what testimony he may properly elicit, or what other admissible evidence may be offered, all of which may support a claim for damages based on emotional distress or other physical injuries.  Thus, despite Defendant's invitation to do so, the Court cannot make a determination at this time that Plaintiff's evidence is insufficient or impermissibly speculative such that he should be precluded from claiming damages for emotional distress or other physical injuries.

Defendant's Motion in Limine to Preclude Plaintiff's Claim for Emotional Distress Damages and Other Non-Provable Damages is denied without prejudice.

## 2. Defendant Connie Ast's Omnibus Motion in Limine (Doc. 36)

Defendant's second motion *in limine* moves to require Plaintiff to obtain "the permission of [the] Court outside the presence and hearing of the jury regarding the use of the following: 1. Defendants' Technology; 2. Documents not produced in discovery; 3. Witnesses Not Identified in Discovery; and 4. Speaking Objections by Plaintiff's Counsel." (Doc. 36 at ¶¶ 3, 5).

The Court's March 12, 2021 Order states, "[n]o omnibus motions will be considered by the Court." (Doc. 33 at ¶ 5). Because Defendant's Motion is an omnibus motion, and titled as such, the Court will strike the Motion. Counsel for Defendant has, in other cases before this Court, been admonished to refrain from filing the type of "omnibus motion" which has once again been filed here.[1] Counsel is now warned that he will face sanctions if he persists in violating this Court's Order directing that "[n]o omnibus motions will be considered by the Court." (*See id.*).

Furthermore, the relief requested by Defendant in paragraphs 3 and 5 of its Omnibus Motion presents matters which this Court would not address in advance of trial because the relief requested cannot be granted without the Court first having been presented with sufficient facts to evaluate the issues raised if they are presented at trial. Defendant's Omnibus Motion essentially seeks to shift the burden that is properly placed on the party

---

[1] *See Scopelliti v. Traditional Home Health & Hospice*, 18-CV-40 (Doc. 105); *Bashore v. Pocono Mountain Reg'l Police Comm'n, et al.*, 18-CV-425 (Doc. 67).

wishing to object to evidence or conduct of opposing counsel to Plaintiff by requiring Plaintiff to first seek permission from the Court outside the presence of the jury before he engages in any presentation of evidence by way of testimony, the introduction of documents, or by argument of counsel in support of evidence presented by Plaintiff. This is a request that the Court cannot and will not grant.

Therefore, with respect to documents not produced in discovery, witnesses not identified in discovery, and speaking objections by Plaintiff's counsel, it is and shall remain Defendant's obligation to timely raise an objection in any instance where counsel believes that Plaintiff seeks to introduce objectionable evidence or that Plaintiff is engaging in improper conduct, including but not limited to speaking objections. To the extent that Plaintiff seeks to use Defendant's technology, it shall be Defendant's obligation to raise an objection if she opposes that request and ask the Court to hear the objection outside the presence of the jury.

Accordingly, the Court will strike Defendant's Omnibus Motion in Limine.

## IV. CONCLUSION

For the aforementioned reasons, Defendant Connie Ast's Motion in Limine to Preclude Plaintiff's Claim for Emotional Distress and Other Non-Provable Damages (Doc. 34) will be denied, and Defendant's Omnibus Motion in Limine (Doc. 36) will be stricken.  A separate Order follows.

Robert D. Mariani
United States District Judge